# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MICHAEL SUPICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | No. 10-2056-CM |
| ) | |
| **OLATHE MEDICAL CENTER, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## **MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's Objection to Magistrate Judge O'Hara's Report and Recommendation (Doc. 14). Plaintiff filed his objection on February 3, 2010. Unable to read plaintiff's handwritten objection, the court requested that plaintiff file an amended objection that was either type written or legibly handwritten. Plaintiff timely filed a type-written amended objection to the Report and Recommendation (Doc. 24).

In reviewing a magistrate judge's Report and Recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). In the court's review, the court must "consider relevant evidence of record and not merely review the magistrate judge's recommendation." *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995). The court has reviewed the record in accordance with this standard, and, for the following reasons, finds that plaintiff's objection should be overruled. Judge O'Hara's Report and Recommendation is adopted in its entirety, and the matter is dismissed.

At the February 8, 2010 Status Conference, plaintiff explained his claims against defendant Olathe Medical Center, Inc. to Judge O'Hara. Based on the record and the information provided by

plaintiff, Judge O'Hara found that plaintiff's claims are barred by the statute of limitations because they seek redress for injures suffered in 1982 or 1983—over 25 years ago. Because plaintiff's claims are barred by the statute of limitations, Judge O'Hara recommends that plaintiff's case be dismissed as frivolous.

The facts and law are accurately set forth in the Report and Recommendation, and the court will not unnecessarily repeat them here. The court may dismiss a claim sua sponte under § 1915(e) when an affirmative defense is "'obvious from the face of the complaint' and 'no further factual record [is] required to be developed.'" *Fractus v. DeLand*, 49 F.3d 673, 674–75 (10th Cir. 1995) (quoting *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987)). The court provided plaintiff with an opportunity to explain why his claims are not barred by the statute of limitation. Although Plaintiff's objection states that dismissal is unfair, it does not provide a legal basis for plaintiff's claims against defendant. The complaint appears on its face, and on the record before the court, to be time-barred—plaintiff has stated that he was aware of the injuries more than 25 years ago. The court cannot offer plaintiff the redress he seeks. The court finds that plaintiff has failed to show good cause. As Judge O'Hara explained in his Report and Recommendation, plaintiff's claims are barred by the statute of limitations.

For the reasons set forth in the Report and Recommendation, the court finds that dismissal is appropriate in this case.

**IT IS THEREFORE ORDERED** that plaintiff's Objection to Magistrate Judge O'Hara's Report and Recommendation (Doc. 14) is overruled.

**IT IS THEREFORE ORDERED** that the case is dismissed.

Dated this 25th day of February 2010, at Kansas City, Kansas.

                                                    **s/ Carlos Murguia**
                                                    **CARLOS MURGUIA**
                                                    **United States District Judge**